IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| OLUWASEUA KAZEEM, | § | |
| | § | |
| *Petitioner*, | § | |
| | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 9:26-CV-00421 |
| DAVID VENTURELLA, Acting Director of | § | JUDGE MICHAEL J. TRUNCALE |
| US ICE; BRET BRADFORD, Houston Field | § | |
| Office Director, US Immigration and Customs | § | |
| Enforcement; DAREN K. MARGOLIN, | § | |
| Director of the Executive Office for | § | |
| Immigration Review; Warden, IAH Polk | § | |
| Detention Facility, | § | |
| | § | |
| *respondents*. | § | |

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court is Petitioner Oluwaseua Kazeem (Kazeem)'s Petition for Writ of Habeas Corpus (the Petition) [Dkt. 1]. For the following reasons, the Petition is **DENIED**.

### I. BACKGROUND

Petitioner Kazeem entered the United States illegally on July 10, 2024. *See* [Dkt. 1 at 4]. After being arrested and detained on September 13, 2025, an immigration judge ordered him removed from the United States on January 20, 2026. *Id*. at 4-5.

On June 10, 2026, Kazeem brought a habeas corpus petition claiming to be detained in violation of federal law. [Dkt. 1].

### II. LEGAL STANDARD

Habeas petitions under 28 U.S.C. § 2241 serve the "sole function" of challenging the legal basis for the petitioner's detention. *Pierre v. U.S.*, 525 F.2d 933, 935–36 (5th Cir. 1976). Section 2241 entitles five classes of prisoners to habeas relief, including prisoners held "in violation of the Constitution or laws, or treaties of the United States." 28 U.S.C. § 2241(c)(3). In a habeas proceeding,

the petitioner bears the burden of proof and must demonstrate by a preponderance of the evidence that he is being held unlawfully. *Villanueva v. Tate*, No. H-25-3364, 2025 WL 2774610 at *4 (S.D. Tex. Sep. 26, 2025).

### III. DISCUSSION

### A. Post-Removal Detention

The Court assumes that because Kazeem has already been ordered removed from the United States, 8 U.S.C. § 1231 governs his detention. See *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). Post-removal detention is presumptively valid when fewer than six months have elapsed since the issuance of the detainee's final removal order. *Id.* (citing *Zadvydas v. Davis*, 533 U.S. 678, 691 (2001)). When Kazeem filed his petition, he had been detained after being ordered removed for approximately four months. Accordingly, his challenge is premature. See *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

### IV. CONCLUSION

It is therefore **ORDERED** that Kazeem's Petition for Writ of Habeas Corpus [Dkt. 1] is hereby **DENIED**. Any and all pending motions are **DNEIED AS MOOT**. This constitutes a **FINAL JUDGMENT** and the Clerk is **INSTRUCTED** to close this matter.

**SIGNED this 16th day of July, 2026.**

_____
Michael J. Truncale
United States District Judge